**Sukhdev SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73680.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 22, 2006.

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Hillel Smith, Anthony W. Norwood, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM**

Sukhdev Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S.

478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and grant the petition and remand.

The IJ found that petitioner did not establish past persecution because he failed to show that his two arrests occurred on account of political opinion. We conclude that substantial evidence supports the IJ's finding that the first arrest did not occur on account of political opinion. *See id.* However, substantial evidence does not support the IJ's finding that his second arrest was not on account of political opinion. Police arrested petitioner because he had submitted an affidavit that documented police misconduct. Petitioner had also submitted 200 other affidavits documenting police abuse. Because petitioner's activities constitute whistleblowing, the second arrest occurred on account of political opinion. *See Grava v. INS,* 205 F.3d 1177, 1181–82 (9th Cir. 2000).

The IJ also found that even assuming that the petitioner had established past persecution, the government rebutted the presumption of a well-founded fear. Because this finding was not a sufficiently individualized showing to rebut the presumption of a well-founded fear, we remand to the BIA to determine whether sufficient evidence exists to rebut the presumption. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); *see also Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1074 (9th Cir.2002) (stating that a "State Department report on country conditions, standing alone, is not sufficient to rebut the presumption of future persecution when a petitioner has established past persecution."); *Chand v. INS,* 222 F.3d 1066, 1079 (9th Cir.2000) (stating that the decision of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

whether the presumption of a well-founded fear is rebutted requires an individualized analysis focusing on the specific harm that the petitioner suffered).

Petitioner failed to raise his CAT claim in his opening brief, and therefore waived this claim. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW GRANTED and REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.